IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JUAN ESCOBEDO, #1021774 § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-738 |
| § | |
| ALBERTO R. GONZALES, § | |
| U.S. ATTORNEY GENERAL § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Juan Escobedo, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Petitioner filed this writ pursuant to 28 U.S.C. § 2241. Having carefully considered the Petition and the applicable law, the Court submits its Report and Recommendation to the District Court.

Petitioner seeks a determination from this Court that he is United States citizen as provided for under the Child Citizen Act of 2000, 8 U.S.C. § 1432(a)[1] and, therefore, not subject to removal. Petitioner's "derivative citizenship" claim is only cognizable by the court of appeals in a petition for review. 8 U.S.C. § 1252(a)(5), (b)(5)(A, C); *Omolo v. Gonzales*, 452 F.3d 404, 406-07 (2006); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005), *cert. denied*, __ U.S. __, 126 S.Ct. 1055 (2006); *see also, Baeta v. Sonchik*, 273 F3d 1261, 1263 (9th Cir. 2001) (nationality issues within jurisdiction of court of appeals); *Giap v. Immigration and Naturalization Service*, 311 F.Supp.2d 438, 440 (S.D.N.Y. 2004) (claim of citizenship was within

---

[1] 8 U.S.C. § 1432, *repealed by* Pub.L. 106-395, Title I § 103(a), October 30, 2000, 114 Stat. 1632.

exclusive jurisdiction of court of appeals not district court). The Court is without jurisdiction to consider Petitioner's § 2241 petition and, therefore, **RECOMMENDS** that it be **DISMISSED** without prejudice.

## CONCLUSION

For all the reasons stated, this Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Juan Escobedo (Instrument No. 1) be **SUMMARILY DISMISSED WITHOUT PREJUDICE for lack of jurisdiction**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **December 19, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ____29th____ day of November, 2006.

_____
John R. Froeschner
United States Magistrate Judge